UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C JOHNSON,<br><br>                    Plaintiff,<br><br>    v.<br><br>TRANSUNION LLC,<br><br>EXPERIAN INFORMATION<br>SOLUTIONS<br><br>                    Defendant(s). | CASE NO.    3:23-cv-5212-BHS<br><br>COMPLAINT FOR A CIVIL CASE<br><br>Jury Trial:  ☒ Yes   ☐ No |

## I.   INTRODUCTION

1. Plaintiff, CHRISTOPHER C. JOHNSON, brings this action under the Fair Credit Reporting ACT 15 U.S.C. § 1681, et seq. (FCRA) alleging that Defendants TransUnion LLC (TransUnion) and EXPERIAN INFORMATION SOLUTIONS (Experian) consumer reporting agency's recklessly, negligently and knowingly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff alleges that TransUnion and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports that they prepare concerning the Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's numerous disputes.

3. Plaintiff seeks statutory, actual, and punitive damages along with injunctive and declaratory relief.

## II.   JURISDICTION

4. This court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Defendants regularly conduct business within the state of Washington and violated Plaintiff's rights under the FCRA in the state of Washington as alleged more below.

5. Venue is proper in this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## III.   PARTIES

6. Plaintiff, CHRISTOPHER C. JOHNSON ("Plaintiff"), is a resident of Pierce County in the State of Washington and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

9. Defendant EXPERIAN INFORMATION SOLUTIONS is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. EXPERIAN INFORMATION SOLUTIONS is a corporation with its principal place of business located at 475 Anton Blvd, Mesa, CA 92626.

### IV.   STATEMENT OF CLAIMS

11. On or around January of 2023, Plaintiff checked his Experian and Transunion credit reports. He noticed multiple inaccurate, incomplete accounts. Plaintiff then initiated a dispute in accordance with the FCRA and requested Defendants to immediately delete the incomplete and inaccurate information.

12. On March 3rd 2023 Experian sent Plaintiff their investigation results for disputed accounts: Capital One 480213759664xxxx, Capital One 517805910208xxx, Capital One 517805996749xxxx, Santander Consumer USA 300002xxxx, Navy Federal CR union 406095xxxx, Webbank/Fingerhut 636992xxxx, Carmax Auto Finance 382059xxx, Child Support 200133xxxx, Jefferson Capital 365635xxxx. Resurgent Receivable 379364xxxx.

13. Plaintiff reviewed dispute results from Defendant Experian and noticed all inaccuracies were not corrected or deleted.  Capital One 480213759664xxxx, Capital One 517805910208xxx, Capital One 517805996749xxxx,  Santander Consumer USA 300002xxxx,  all continue to report inaccurate payment data. Navy Federal CR union 406095xxxx now reports an inaccurate account number of 091623x, Webbank/Fingerhut 636992xxxx continues to report despite this account being sold to a debt collector, furnisher no longer owns or have account. Carmax Auto Finance 382059xxx continues to report inaccurate payment data, Child Support 200133xxxx continues to report incomplete and inaccurate payment data, balance and date opened, Jefferson Capital 365635xxxx continues to report inaccurate terms. Resurgent Receivabl 379364xxxx continues to report inaccurate terms.

14. Plaintiff disputed Omni account # 142000xxx and Verizon Wireless Account 224276xxx with Defendant Experian multiple times within the past year and accounts continue to report inaccurate account numbers that do not belong to the Plaintiff.

15. Plaintiff received dispute results from Defendant Transunion date 2/11/2023 file number 430190999xxxx for accounts Omni Financial 1420000000001647103xxxx, Santander Consumer USA 3000020405103, Capital One 517805996749xxxx, Capital One 517805910208xxxx, Carmax Auto Finance 3820xxxx, Navy Federal 406095xxxxxx now reporting 500001406095586091, Resurgent Receivables LLC 37936402284, Webbank/Fingerhut 636992108745xxxx, Florida Department of Revenue 200133xxxx, Verizon Wireless 2242769700.

16. Plaintiff noticed that Defendant Transunion did not delete or correct disputed accounts. Omni Financial 1420000000001647103xxxx this account continues to report inaccurate account number that to not belong to Plaintiff, Santander Consumer USA 3000020405103 continue to report inaccurate payment history, Capital One 517805996749xxxx, Capital One 517805910208xxxx, Carmax Auto Finance 3820xxxx continue to report inaccurate payment history, Navy Federal 406095xxxxxx now reporting 500001406095586091 is reporting a inaccurate account number that to not belong to Plaintiff, Resurgent Receivables LLC 37936402284 continue to report inaccurate terms, Webbank/Fingerhut 636992108745xxxx continue to report as a delinquent account with a $0 balance also reporting verified despite being sold by furnisher with no longer owns account, Florida Department of Revenue 200133xxxx continues to report inaccurate payment data, Verizon Wireless

COMPLAINT FOR A CIVIL CASE - 5

2242769700 continues to report despite furnisher stating that it no longer owns rights to account and no longer will report.

17. Upon information stated above and reasonable belief, Defendants Transunion and Experian did not conduct a reasonable investigation or any investigation at all that is required according to the Fair Credit Reporting Act.

18. Despite Plaintiff numerous disputes, the inaccurate, incomplete information regarding the alleged accounts are still being reported by the Defendants on the Plaintiffs credit report.

**Plaintiffs Damages**

19. As a result, Plaintiffs credit worthiness continues to be impacted because the credit reporting by the Defendants is materially misleading and is being interpreted incorrectly.

20. The consumer report is a written communication of the Plaintiffs credit worthiness, standing, capacity, and reputation, which is used to determine the consumers eligibility to obtain credit for personal, family or household purposes.

21. Defendants refusal to correct or delete inaccurate or incomplete information after Plaintiff disputed alleged accounts has caused the Plaintiff to receive a low credit score and rating resulting in numerous credit denials and higher interest rates.

22. Plaintiff is unable to obtain new credit which is detrimental to the Plaintiffs ability to provide basic needs for himself and family.

23. The misleading, inaccurate and incomplete reporting as a result of the Defendant's refusal to conduct a reasonable investigation has forced the Plaintiff to deal with extreme embarrassment, loss of sleep, emotional distress, and loss of time dealing with these disputes.

24. Defendants have shown reckless and willful disregard to the consumer rights of the Plaintiff set by the Fair Credit Reporting Act.

## Defendants Violations of 15 USC § 1681e(b)

25. Plaintiff reasserts all of the preceding paragraphs as set forth herein in their entirety.

26. Section 1681e(b) of the Fair Credit Reporting Act requires "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

27. If the Defendants would have complied with the Fair Credit Reporting Act and followed or had reasonable procedures to assure maximum possible accuracy of the consumer report it prepares for the Plaintiff, it would have deleted or corrected inaccurate information reporting on the Plaintiffs consumer report.

28. As a direct result of the Defendants willful, reckless, and negligent refusal to follow reasonable procedures to assure maximum possible accuracy as mandated by the Fair Credit Reporting Act, the Plaintiff has suffered extreme harm as stated above.

**Defendants Violations of 15 USC § 1681i(a)(1)**

29. Plaintiff reasserts all of the preceding paragraphs as set forth herein in their entirety

30. Defendants violated 15 U.S.C.§ 1681i(a)(1) by continuously failing to conduct an investigation or a reasonable investigation to determine whether the Plaintiffs disputed information was inaccurate. As required if found inaccurate, delete or properly correct the disputed information.

31. Defendants obviously did not conduct a reasonable investigation as required by the Fair Credit Reporting Act because Plaintiff found numerous inaccuracies in reporting after disputing the above alleged accounts with the Defendants numerous times. These actions by the Defendants violated 15 U.S.C.§ 1681i(a)(1) and renders Defendants liable for statutory, actual, and punitive damages and cost under 15 U.S.C 1681n. Defendants actions were negligent entitling Plaintiff to recover under 15 U.S.C.§ 1681o as well.

32. As a direct result of the Defendants willful, reckless, and negligent refusal to follow reasonable procedures to assure maximum possible accuracy as mandated by the Fair Credit Reporting Act, the Plaintiff has suffered extreme harm as stated above.

COMPLAINT FOR A CIVIL CASE - 8

**Defendants Violations of 15 USC § 1681i(a)(5)(A)**

33. Plaintiff reasserts all of the preceding paragraphs as set forth herein in their entirety.

34. Defendant violated 15 USC § 1681i(a)(5)(A) numerous times by not promptly deleting the inaccurate reporting accounts stated above or accurately modifying the information upon an accurate reasonable investigation.

35. After conducting no investigation or failing to conduct a reasonable investigation, Defendant violated 15 USC § 1681i(a)(5)(A) by failing to delete or accurately correct inaccurate items on Plaintiffs credit report after Plaintiff disputed and pointed out inaccuracies numerous times.  This conduct renders Defendants liable for statutory, actual, and punitive damages and cost under 15 U.S.C 1681n. Defendants actions were negligent entitling Plaintiff to recover under 15 U.S.C.§ 1681o as well.

36. As a direct result of the Defendants willful, reckless, and negligent refusal to follow reasonable procedures to assure maximum possible accuracy as mandated by the Fair Credit Reporting Act, the Plaintiff has suffered extreme harm as stated above.

V.   **RELIEF**

Wherefore, Plaintiff, Christopher C. Johnson respectfully request that judgment be entered in favor of the Plaintiff against the Defendants for:

1. Actual statutory, and punitive damages cost and fees pursuant to 15 U.S.C.§ 1681o, and 15 U.S.C.§ 1681n.;

2. An order directing Defendants to immediately delete all of the disputed inaccurate accounts from the Plaintiffs consumer credit file;

3. Award the Plaintiff of such other and further relief as deemed just and proper.

## VI.  DEMAND FOR JURY TRIAL

Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues.

## VII.  CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/12/2023

Signature of Plaintiff : /s/ Christopher C. Johnson

Printed Name of Plaintiff : Christopher C. Johnson

5613 121st Street Court E #1  
Puyallup, WA 98373  
T: 206-331-2202  
Email: cejay80@gmail.com

COMPLAINT FOR A CIVIL CASE - 11

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/12/2023

Signature of Plaintiff : /s/ Christopher C. Johnson

Printed Name of Plaintiff : Christopher C. Johnson

5613 121st Street Court E #1
Puyallup, WA 98373
T: 206-331-2202
Email: cejay80@gmail.com



FILED ___ LODGED
___ RECEIVED

MAR 16 2023

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                          DEPUTY