THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | No. 3:23-cv-5212-BHS<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Christopher C. Johnson's ("Plaintiff") Complaint (the "Complaint") as follows:

## I.  INTRODUCTION

1. In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian further admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Experian also denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 1 that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 1

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1  and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

2      2.    In response to paragraph 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 2 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

    3.    In response to paragraph 3 of the Complaint, Experian admits that the Complaint seeks damages.  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

## II. JURISDICTION

    4.    In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. and 28 U.S.C. §§ 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.

    5.    In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to denial or admission.

## III. PARTIES

    6.    In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

    7.    In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

    8.    In response to paragraph 8 of the Complaint, Experian is without knowledge or

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 2

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

### IV.  STATEMENT OF CLAIMS

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 3

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 17 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**PLAINTIFFS DAMAGES**

19. In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 19 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 20 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 4

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 21 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 23 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 24 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

## **DEFENDANTS VIOLATIONS OF 15 USC § 1681E(B)**

25. In response to paragraph 25 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 24 above, as though fully set forth herein.

26. In response to paragraph 26 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 5

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

26 inconsistent therewith.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 27 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 28 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

## **DEFENDANTS VIOLATIONS OF 15 USC § 1681A(1)**

29. In response to paragraph 29 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 28 above, as though fully set forth herein.

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 30 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 31 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 6

115938351.1 0030176-00365

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 32 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32 of the Complaint.

**DEFENDANTS VIOLATIONS OF 15 USC § 1681I(A)(5)(A)**

33. In response to paragraph 33 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 32 above, as though fully set forth herein.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 34 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 35 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 36 of the Complaint that relate to the other defendant, Experian does not

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 7

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Complaint.

## V.  RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any damages against Experian as set forth in his prayer for relief.

## VI.  RESPONSE TO DEMAND FOR JURY TRIAL

In response to the Complaint, Experian admits that Plaintiff has demanded a trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 8

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

**FOURTH AFFIRMATIVE DEFENSE**

(INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff was the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

(FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

(LACHES)

The claim for relief set forth in the Complaint is barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff herself, and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**EIGHTH AFFIRMATIVE DEFENSE**

(ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 9

115938351.1 0030176-00365

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

### NINTH AFFIRMATIVE DEFENSE

(STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that the claim for relief in the Complaint herein is barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH AFFIRMATIVE DEFENSE

(UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

(INDEPENDENT INTERVENING CAUSE)

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

### TWELFTH AFFIRMATIVE DEFENSE

(MOOTNESS)

Plaintiff's claim is barred, in whole or in part, to the extent that the claim or relief sought is moot.

### THIRTEENTH AFFIRMATIVE DEFENSE

(WAIVER)

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

(IMPROPER REQUEST FOR PUNITIVE DAMAGES)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 10

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

115938351.1 0030176-00365

**FIFTEENTH AFFIRMATIVE DEFENSE**

(RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

DATED: May 8, 2023.   STOEL RIVES LLP

*s/ Sara J. Wadsworth*
Sara J. Wadsworth, WSBA No. 55952
sara.wadsworth@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for Defendant Experian Information Solutions, Inc.*

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 11

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the date below, I caused to be electronically filed the foregoing |
| 3 | document with the Clerk of the Court using the CM/ECF system which will send notification of |
| 4 | such filing to all parties and counsel of record. |
| 5 | Dated this 8th day of May 2023. |

*/s/ Sara J. Wadsworth*
Sara J. Wadsworth, WSBA No. 55952
Attorney for Defendant Experian Information Solutions, Inc.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT (3:23-cv-5212-BHS) - 12