Savannah M. Loftis, Esq. (Admitted *Pro Hac Vice*)  Judge Benjamin H. Settle
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400 Ext. 115
Facsimile:  (317) 363-2257
E-Mail:  sloftis@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*

Nicholas Ranallo, Esq.  WSBA No.:  51439
Ranallo Law Office
5058 57th Avenue South
Seattle, WA  98118
Telephone:  (831) 607-9299
E-Mail:  nick@ranallolawoffice.com

*Counsel for Defendant Trans Union, LLC*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| CHRISTOPHER C. JOHNSON, <br>      Plaintiff, <br><br> vs. <br><br> TRANSUNION LLC and EXPERIAN INFORMATION SOLUTIONS, <br>      Defendants. | CASE NO. 3:23-cv-05212-BHS <br><br> **JOINT STATUS REPORT & DISCOVERY PLAN** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and prepared the following report.

1. **Statement of the Nature and Complexity of the Case:**

    a. Plaintiff: Christopher C. Johnson has filed a case against Experian and TransUnion, alleging violations of the Fair Credit Reporting Act (FCRA) under 15 USC 1681(e)(b) and 15 USC 1681i. The claim contends that both credit reporting agencies failed to ensure maximum possible accuracy in Christopher C. Johnson's consumer reports and neglected to conduct a reasonable investigation into disputed accounts, resulting in persistent errors. In this complex case, extensive discovery will be undertaken to gather vital evidence and explore the intricacies of credit reporting

**JOINT STATUS REPORT & DISCOVERY PLAN – 3:23-cv-05212-BHS**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**TELEPHONE: (317) 363-2400**
**FAX: (317) 363-2257**

120557998.1 0030176-00387

practices. Document Requests: Extensive requests for documents will be made to obtain communication records, internal memos, and policies to unveil the decision-making process related to Christopher C. Johnson's credit reports. The complexity of this discovery underscores the significance of the case in safeguarding consumer rights and ensuring fair and accurate credit reporting practices.

b. Trans Union: Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act ("FCRA") and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff.  Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

c. Experian: Experian denies Plaintiff's claims.  Experian is a consumer credit reporting agency, as that term is defined by the FCRA. 15 U.S.C. § 1681a(f).  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting.  Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers.  In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures.  In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy.  Based on the facts known to Experian at this time, Experian's followed reasonable procedures at all times with respect to Plaintiff's credit file and conducted a reasonable reinvestigation as required by the FCRA.  At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently.  Further, Experian disputes that Plaintiff suffered any damages, and that any damages Plaintiff alleges were caused by Experian.  Plaintiff also alleges willful violation of the FCRA, which is an exceedingly high standard.  A mere failure to correct a plaintiff's inaccurate credit information, even after notification of an inaccuracy, does not constitute a willful violation of the FCRA.  Experian

JOINT STATUS REPORT & DISCOVERY PLAN
– 3:23-cv-05212-BHS

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**TELEPHONE:  (317) 363-2400**
**FAX: (317) 363-2257**

120557998.1 0030176-00387

therefore maintains that Plaintiff will be unable to establish either a negligent or willful violation of the FCRA. Accordingly, Experian has no liability in this case under the FCRA, and denies all liability to Plaintiff for any alleged damages. Experian makes this statement without waiving any defenses and reserves the right to supplement this statement as facts are developed in discovery.

2. **Proposed Deadline for the joining of additional Parties:**

August 15, 2023.

3. **Trial By Magistrate Theresa L. Fricke pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings:**

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

4. **Proposed Discovery Plan:**

   a. **Initial Disclosures:** <u>August 9, 2023</u>.

   b. **Subjects, timing, and potential phasing of discovery:**

   The parties intend to seek written discovery in the form of Interrogatories, Requests for Production and Requests for Admission. The parties anticipate no more than five depositions per party, namely those of the named parties, and do not anticipate the need for third party discovery at this time. The parties are amenable to a settlement conference before a magistrate judge at or near the close of discovery, but before depositions. The parties do not believe that bifurcation of discovery is necessary or warranted in this action.

   c. **Electronically stored information:**

   The parties do not anticipate extensive ESI in this action, The parties agree to adopt this district's Model Agreement Regarding Discovery of ESI, but do not believe that this case is suitable for electronic discovery but are amenable to producing any electronically stored information in hard copy or pdf format as an initial matter. Once the parties have had the chance to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

   d. **Privilege issues:**

JOINT STATUS REPORT & DISCOVERY PLAN – 3:23-cv-05212-BHS

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
TELEPHONE: (317) 363-2400
FAX: (317) 363-2257

120557998.1 0030176-00387

The parties agree to adhere to FRCP 26(b)(5) in the event of inadvertent disclosure of privileged information.

e. **Proposed limitations on discovery:**

The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

   i.   25   interrogatories;

   ii.  25   document requests;

   iii. 40   requests for admission.

f. **The need for any discovery related orders:**

The parties agree that a protective order is necessary to govern discovery. If a protective order is requested by any party, the parties will jointly submit either a proposed protective order or a report identifying areas of disagreement.

5. **The Parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 236(f)(1), which includes:**

   a. **Prompt case resolution:**

   The parties are amenable to a settlement conference before a magistrate judge at or near the close of discovery, but before depositions take place.

   b. **Alternative dispute resolution:**

   The parties are amenable to a settlement conference before a magistrate judge at or near the close of discovery, but before depositions take place.

   c. **Related cases:**

   None.

   d. **Discovery management:**

JOINT STATUS REPORT & DISCOVERY PLAN – 3:23-cv-05212-BHS

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
TELEPHONE: (317) 363-2400
FAX: (317) 363-2257

120557998.1 0030176-00387

The parties have not reached any agreements on this topic.

e. **Anticipated discovery sought:**

As discussed above, the parties will seek discovery into the investigations conducted by the Defendants, as well as any damages suffered by the Plaintiff.

Trans Union anticipates serving Plaintiff with its First Set of Interrogatories, First Set of Requests for Admission and First Request for Production of Documents. Trans Union also intends to take the deposition of Plaintiff, as well as Plaintiff's expert(s), if any, and any other persons revealed through discovery as having knowledge of the matters in dispute.

As the plaintiff in the case against Experian and TransUnion, I anticipate seeking comprehensive discovery to support my claims of Fair Credit Reporting Act (FCRA) violations. The planned discovery includes conducting depositions of relevant employees and executives from both credit reporting agencies to inquire about their procedures for handling disputed accounts and ensuring the accuracy of consumer reports. Additionally, I will request extensive documentation, such as internal policies, communication records, and memos, to reveal the decision-making processes that led to errors in my credit reports. I will analyze data to demonstrate patterns of inaccuracies in credit reports provided by Experian and TransUnion. The goal of this anticipated discovery is to present compelling evidence that substantiates my claims and sheds light on potential systemic issues in their credit reporting practices.

Experian anticipates seeking discovery into Plaintiff's contacts, contracts, and correspondence with relevant furnisher(s), Experian will further seek documentation from Plaintiff relating to any contacts with Experian. Experian will further seek documentation to support any of Plaintiff's alleged damages. Experian anticipates the deposition of Plaintiff, any designated experts, and any relevant third-party witnesses. Experian agrees to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure.

f. **Phasing motions:**

The parties proposed the following deadlines for filing motions:

**JOINT STATUS REPORT & DISCOVERY PLAN**
– 3:23-cv-05212-BHS

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
TELEPHONE: (317) 363-2400
FAX: (317) 363-2257

120557998.1 0030176-00387

1. Motions seeking to amend the pleadings must be filed and served by **August 15, 2023**

3. Non-Dispositive Motions:

   a. All non-dispositive motions relating to fact discovery must be filed and served by **January 10, 2024**.

   b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **January 24, 2024**.

4. Dispositive Motions: All dispositive motions must be served and filed by **March 27, 2024**.

g. **Preservation of discoverable information:**

The parties have not reached any agreement on the preservation of discoverable information.

h. **Model Protocol for Discovery of ESI:**

As described above, the parties do not believe this matter is suitable for discovery of ESI. However, should the need for ESI change, the parties agree to adopt this district's Model Agreement Regarding Discovery of ESI, if necessary.

i. **Alternative to Model Protocol:**

The parties do not believe that this case is suitable for electronic discovery but are amenable to producing any electronically stored information in hard copy or pdf format as an initial matter. Once the parties have had the chance to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

6. **Date by which discovery can be completed:**

The parties agree that Discovery can be completed by **February 22, 2024**.

7. **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way:**

JOINT STATUS REPORT & DISCOVERY PLAN
– 3:23-cv-05212-BHS

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
TELEPHONE: (317) 363-2400
FAX: (317) 363-2257

120557998.1 0030176-00387

The parties do not consent to phasing or bifurcation at this time.

8. **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy:**

No.

9. **Any other suggestions for shortening or simplifying the case:**

None at this time.

10. **Anticipated Trial Date: <u>August 19, 2024.</u>**

11. **Whether the trial will be jury or non-jury:**

A demand for a jury trial was made in the Plaintiff's Complaint.

12. **The number of trial days required:**

2-3 days.

13. **The Names, addresses, and telephone numbers of all trial counsel.**

    **a.** Plaintiff:

    **b.** Trans Union:  Savannah M. Loftis, Esq. (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400, Ext. 114
Facsimile: (317) 363-2257
E-Mail: sloftis@schuckitlaw.com

    **c.** Experian:  Michael Scott Moulin (Admitted *Pro Hac Vice*)
Jones Day
555 S. Flower St., 50th Floor
Los Angeles, California 90071
Telephone: (213) 243-2548
Facsimile: (213) 243-2539
E-Mail: mmoulin@jonesday.com

**JOINT STATUS REPORT & DISCOVERY PLAN**
**– 3:23-cv-05212-BHS**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN 46077**
**TELEPHONE: (317) 363-2400**
**FAX: (317) 363-2257**

120557998.1 0030176-00387

>Sara J. Wadsworth
>Stoel Rives LLP
>600 University Street, Suite 3600
>Seattle, Washington 98101
>Telephone: (206) 386-7639
>Facsimile: (206) 386-7500
>E-Mail: sara.wadsworth@stoel.com

14. **The dates on which the trial counsel may have complications to be considered in setting a trial date:**

    a. Plaintiff: None anticipated

    b. Trans Union: Lead Counsel for Trans Union will be out of the country and unavailable from December 15, 2023 through December 26, 2023.

    c. Experian: Lead counsel for Experian is currently scheduled to be in trial from October 7, 2023 to October 11, 2023.

15. **Service of Process:**

    All parties have been properly served.

16. **Whether any party wishes a scheduling conference before the court enters a scheduling order in the case:**

    The Parties **do not** wish to have a scheduling conference before the court enters a scheduling order in this case.

17. **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

    a. Trans Union:  May 5, 2023.

    b. Experian: May 8, 2023

>Respectfully submitted,
>
>SCHUCKIT & ASSOCIATES, P.C.
>
>*/s/ Savannah M. Loftis*
>Savannah M. Loftis, Esq.
>  (Admitted *Pro Hac Vice*)

JOINT STATUS REPORT & DISCOVERY PLAN
– 3:23-cv-05212-BHS

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
TELEPHONE: (317) 363-2400
FAX: (317) 363-2257

120557998.1 0030176-00387

*Lead Counsel for Defendant Trans Union, LLC*

*/s/ Nichlas Ranallo*
Nicholas Ranallo, Esq.
 WA State Bar No. 51439

*Counsel for Defendant Trans Union, LLC*

*/s/ Michael Scott Moulin*
Michael Scott Moulin (Admitted Pro Hac Vice)
Jones Day
555 S. Flower St., 50th Floor
Los Angeles, California  90071
Telephone: (213) 243-2548
Facsimile: (213) 243-2539
E-Mail: mmoulin@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*

*/s/ Sarah J. Wadsworth*
Sara J. Wadsworth
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101
Telephone: (206) 386-7639
Facsimile: (206) 386-7500
E-Mail: sara.wadsworth@stoel.com

*Counsel for Defendant Experian Information Solutions, Inc.*

*/s/ Christopher C. Johnson*
Christopher C. Johnson

*Pro Se Plaintiff*

**JOINT STATUS REPORT & DISCOVERY PLAN – 3:23-cv-05212-BHS**

120557998.1 0030176-00387

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**TELEPHONE:  (317) 363-2400**
**FAX:  (317) 363-2257**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **16th day of August, 2023**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| **Pro Se Plaintiff**<br>Christopher C. Johnson<br>5613 121st Street Court E #1<br>Puyallup, WA  98373<br>Cejay80@gmail.com | **for Experian Information Solutions, Inc.**<br>Michael Scott Moulin, Esq.<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>mmoulin@jonesday.com<br><br>Sara J. Wadsworth<br>Stoel Rives LLP<br>600 University Street, Suite 3600<br>Seattle, Washington  98101<br>sara.wadsworth@stoel.com |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **16th day of August, 2023**, properly addressed as follows:

| None. | |
|---|---|

*/s/ Savannah M. Loftis*
Savannah M. Loftis, Esq.
  (Admitted *Pro Hac Vice*)

*Counsel for Defendant Trans Union, LLC*

**JOINT STATUS REPORT & DISCOVERY PLAN**
**– 3:23-cv-05212-BHS**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**TELEPHONE:  (317) 363-2400**
**FAX:  (317) 363-2257**

120557998.1 0030176-00387